DANIEL A. SANBORN, Respondent, *v.* MARSHALL LEFFERTS, impleaded, etc., Appellant.

The fact that a manufacturing corporation, organized under the act author-izing the formation of manufacturing and other corporations (chap. 40, Laws of 1848), has ceased to do business and is engaged in closing up its affairs, is not an excuse for a failure to comply with the requirement of section 12 of said act as to the filing of a report; and in the absence of any legal dissolution of the company these facts do not, nor does knowledge upon the part of a creditor of the financial condition and embarrassments of the corporation affect the liability of the trustees to him, imposed by that section for the failure to file a report.

The liability so imposed may be enforced as well by a creditor who is a stockholder as by an outside creditor; the remedy exists alike in favor of both.

In an action against a trustee, under said section, for a failure to file a report in January, 1870, it appeared that the corporate existence of the com-pany began November 10th, 1868; five trustees were appointed, by the articles of the incorporation for the first year. Defendant testified that he became a trustee April 5th, 1869, and that he ceased to act in Novem-ber, 1869, when his office terminated. He also testified that, in January, 1870, the affairs of the corporation were wound up by a sale of its prop-erty and application of proceeds to the payment of debts; that the last meeting of the trustees was January twenty-eighth, at which he was present; that there were no other trustees, but the same persons were acting at that time as those who carried on the business in November, and that as late as March, 1870, he had a small balance of the company funds in his hands as treasurer. *Held*, that the refusal of the court to submit the question to the jury, whether defendant was trustee at the time when the report should have been made, was proper; that no question of fact was presented by the evidence, as defendant's state-ment as to when he ceased to act, taken in connection with specific acts testified to, was to be regarded simply as a legal conclusion of the witness.

(Argued April 20, 1874; decided September 22, 1874.)

APPEAL from judgment of the General Term of City Court of the city of Brooklyn, affirming a judgment in favor of plaintiff entered upon the verdict of a jury.

This action was brought to recover $100, balance of $250 loaned September 1, 1869, by plaintiff to the Ventilating Rubber Shoe Company, a corporation organized under the

manufacturing act of 1848 and amendments, on the ground that the trustees of that company, of which defendant Lefferts was alleged to be one, had not made or published, within twenty days after the 1st January, 1870, the report of its condition as required by that act. (Sec. 12.)

On the trial, the plaintiff proved the loan to the company and the recovery of a judgment against the corporation, in the City Court of Brooklyn; that defendant was then the treasurer of the company and a trustee thereof.

The plaintiff then proved the incorporation of the company and defendant admitted that the corporation did not, within twenty days from the 1st day of January, 1870, make, file and publish a report stating the amount of capital, and the proportion actually paid in and the amount of its existing debts.

Defendant proved that plaintiff was a stockholder in the company; knew of its embarrassed condition; attended a stockholders' meeting in October, 1869, when a full report was presented and when it was resolved and the trustees instructed to wind up its affairs, and was appointed a member of a committee of stockholders to assist them; also that the property of the company was sold in the early part of January, 1870, and most of the debts paid or compromised with the avails. Defendant was sworn as a witness in his own behalf. He testified that he became a stockholder and trustee April 5th, 1869; that he ceased to act in November, 1869, when his office terminated; that the company did no business subsequent to January, 1870. On cross-examination he testified that he had ninety dollars in his hands, as treasurer, in March, 1870; and that, in that year, he told plaintiff he had nearly enough funds to pay him if the other trustees would consent; that the last meeting of the trustees was January 28th, 1870, at which he was present; that business was transacted at that meeting and that there were no other trustees, but the same persons were acting then as in November. The avails of the sales of the company's property were, by resolution, distributed among creditors after that meeting; also that, in March,

1870, he sold some property of the company held by plaintiff as collateral, out of the avails of which was paid a portion of plaintiff's claim.

Defendant's counsel asked the court to submit to the jury the question whether defendant was a trustee after November 10, 1869. The court refused so to do and defendant excepted. The court directed a verdict for plaintiff, to which defendant excepted; a verdict was rendered accordingly. Further facts appear in the opinion.

*Burton N. Harrison* for the appellant. Plaintiff should have been nonsuited, because Lefferts was never lawfully a trustee. (*Briggs* v. *Easterly*, 62 Barb., 51 ; *Craw* v. *Easterly*, id. ; affirmed by Com. of Apps.) He acted merely as a stockholder. (*Denning* v. *Rileston*, 33 N. Y., 231; *Vincent* v. *Sands*, id., 511.) There was no existing debt due plaintiff from the company. (*People* v. *Arguello*, 37 Cal., 525; *Wood* v. *Partridge*, 11 Mass., 488; *Nimmons* v. *Hennion*, 2 Swe., 667; *Oviatt* v. *Hughes*, 41 Barb., 541; *Garrison* v. *Howe*, 17 N. Y., 458.) A stockholder could not maintain this action. (*Boughton* v. *Otis*, 21 N. Y., 264; *McHarg* v. *Eastman*, 4 Robt., 636; *S. and H. Quarry Co.* v. *Bliss*, 27 N. Y., 299 ; *Briggs* v. *Easterly*, 62 Barb., 60; *Cable* v. *McCune*, 26 Mo., 380 ; Laws of 1854, chap. 201, § 1, amended by Laws of 1862, chap. 472, § 1; *Richardson* v. *Abendroth*, 43 Barb., 165 ; *Bailey* v. *Bancker*, 3 Hill, 191; *Oviatt* v. *Hughes*, 41 Barb., 544; *Andrews* v. *Murray*, 33 id., 354; *Kritzer* v. *Woodson*, 19 Mo., 329; *Vincent* v. *Sands*, 11 Abb. Pr. [N. S.], 373.)

*Nathaniel C. Moak* for the respondent. Plaintiff was not obliged to obtain a judgment or issue execution against the corporation before he could sue defendant. (*Miller* v. *White*, 50 N. Y., 137; *McHarg* v. *Eastman*, 7 Robt., 140 ; *Vincent* v. *Sands*, 11 Abb. [N. S.], 366 ; 42 How., 231; *Weymouth* v. *Democke*, 41 id., 92.) Defendant was clearly proved to be a trustee of the corporation. (*Squires* v. *Brown*, 22 How., 35, 42–44; *Haupt* v. *Pohlman*, 16 Abb., 301 ; *Dee* v. *Bloom*,

5 J. Ch., 366; *McCall* v. *Byram Mfg. Co.*, 6 Conn., 428, 438–439; *Foot* v. *Rowse*, 1 Strange, 625; *Doubleday* v. *Muskett*, 4 M. & P., 757, 758; 7 Bing., 116.) A corporation cannot be dissolved by a resolution of its members as stockholders. (*N. Y., etc.*, v. *Smith*, 4 Duer, 362, 375, 376; *Nimmons* v. *Tappan*, 2 Swe., 652.) The fact that plaintiff was a stockholder of the corporation was not a bar to his right to recover. (A. & A. on Corp., § 233; *Willoughby* v. *Comstock*, 3 Hill, 389; *Burnham* v. *W. C. Co.*, 47 Penn. St., 43; *Culbertson* v. *Wab. Nav. Co.*, 4 McL., 547; *Miller* v. *White*, 8 Abb. [N. S.], 55; *Nimmons* v. *Tappan*, 2 Swe., 652; *Woodruff, etc.*, v. *Chittenden*, 4 Bosw., 406; *Bolen* v. *Crosby*, 49 N. Y., 183.)

RAPALLO, J. This action is brought to recover from the defendant an indebtedness of the Ventilating Rubber Shoe Company to the plaintiff for money borrowed of him in September, 1869. The defendant is sought to be charged on the ground that he was, in the month of January, 1870, one of the trustees of the company, and that no report of the capital and indebtedness of the company was filed or published within twenty days after January 1, 1870, as required by the statute under which the company was organized.

The court directed a verdict for the plaintiff. Many exceptions were taken at the trial, but only two of them in our judgment require special notice. The first is to the refusal of the court to submit to the jury the question whether the defendant, Lefferts, was a trustee of the company after November 10, 1869, or acted as such after that date.

The company was organized under the general act for the incorporation of manufacturing companies, in November, 1868, the term of its corporate existence commencing November 10, 1868. Five trustees were appointed by the articles of incorporation to manage the concerns of the corporation for the first year. The defendant, Lefferts, was not one of these, but he testified at the trial that he became a trustee of the company about the 5th of April 1869. In what man-

ner does not appear. He also testified that he ceased to act as trustee in November, 1869, when his office terminated. But at the same time he testified, that after November, 1869, the affairs of the company were wound up by the sale of its property and the application of the proceeds so far as they would go to the payment of its debts; that the sale was effected in January, 1870; that the last meeting of the trustees was on the 28th of January, 1870, and they transacted business on that occasion; that he was present at that meeting; that there were no other trustees at that time than those who carried on the business in November, and the same persons were acting; that as late as March 1870, there was a small balance in his hands as treasurer of the company, which he told plaintiff that if the other trustees would consent he would pay him; that the other trustees to whom he referred were those who had been acting with him as trustees, from April, 1869, when he was appointed.

. It is clear that the sale of the property in which the defendant admits that he co-operated, could only be made by the trustees in their official capacity; that those who were in office in November, 1869, were entitled to hold over until others were appointed, and that the defendant, Lefferts, although he might have exempted himself from liability by refusing to participate further in the management of the affairs of the company after the expiration of his term of office, did not do so, but continued to unite with his co-trustees in their endeavors to wind up the company. His bare statement, that he ceased to act as trustee after November, 1869, when his office terminated, taken in connection with the specific acts to which he testified, was not sufficient to raise a question of fact to be determined by the jury, but must rather be regarded as the legal conclusion of the witness that the expiration of his term of office terminated his character of trustee.

We, therefore, are of opinion that there was no substantial conflict of testimony, on the question whether the defendant

was trustee at the time when the report should have been made, and that the court properly refused to submit that question to the jury. The principal defence set up in the answer is, that the company had, prior to January, 1870, ceased to do business, and was then engaged only in winding up its affairs by the sale of its property and the payment or compromise of its debts, and that the plaintiff had full notice of this fact, he being a stockholder and participating in the proceedings. It is scarcely necessary to say that, in the absence of any legal dissolution of the company, these extra-judicial proceedings did not affect the statutory liabilities of the trustees to creditors, or that knowledge on the part of the creditors of the financial condition and embarrassment of the company, did not exempt the trustees from the statutory consequences of a failure to file and publish the prescribed report.

The other exception taken at the trial, and which has been strongly urged on this appeal, is to the refusal of the court to dismiss the complaint on the ground that the plaintiff was himself a stockholder of the company. It is argued that the liability of trustees of a manufacturing company under section 12 of the act, for a failure to file and publish a report, cannot be enforced by a creditor who is also a stockholder; that the object of the requirement is to protect outside creditors, who have no means of knowing the financial condition of the company, and cannot be enforced by stockholders, who are constituent parts of the company and have the means of informing themselves as to its affairs.

In the absence of any discrimination in the statute itself between stockholding and other creditors we do not see any ground upon which we can make this distinction. It is true the statute makes it the duty of the company to file and publish the statements, but this duty is to be performed by the trustees and president, and not by the stockholders. (*Bolen* v. *Crosby*, 49 N. Y., 183.) The stockholders are not subjected to any liability for its non-performance. There is no presumption that the plaintiff had in any other manner

become personally liable for the debts of the company, and no proof to that effect, and the reasons which induced the court in *Baily* v. *Banker* (3 Hill, 191), and subsequent cases, to hold that one stockholder cannot maintain a common-law action against another stockholder to recover a debt for which all the stockholders are liable, do not apply. A stockholder may be a creditor of the company of which he is a member, and may maintain an action at common law for the recovery of his claim (3 Hill, 389; 47 Penn. St., 49); and we see no ground upon which we should be justified in withholding from him any remedy against the trustees to which other creditors are entitled.

The objection to the jurisdiction of the City Court is not tenable. The defendant appeared and answered without taking any objection to the jurisdiction of the court, and raised no such point upon the trial. For aught that appears upon the record, the summons may have been served in the city of Brooklyn, and proof of that fact would have been an answer to the objection had it been taken.

We have carefully examined the elaborate points on the part of the appellant, but find in them no ground for reversing the judgment. It must be affirmed, with costs.

All concur.

Judgment affirmed.