GEORGE WADE, APPELLANT, v. SMITH T. BAKER, J. NELSON TAPPAN AND SAMUEL R. PLATT, RESPONDENTS.

SARAH A. VAN AMBURGH, APPELLANT, v. SAME, RESPONDENTS.

*Trustees of a corporation — when they cease to be such..*

This action was brought against defendants, alleged to be trustees of a manufacturing corporation, to charge them with a debt due from such corporation because of their failure to file the annual report required by the statute. The trustees were elected February 27, 1874, for one year. On January 15, 1875, the trustees passed a resolution that the corporation should cease to transact business, and resigned their offices to take effect February 25, 1875, the day on which their terms expired. No further elections were held, and the trustees never acted after February 25, 1875. *Held*, that they then ceased to be trustees, and were not liable for a failure of the corporation to file its annual report in January, 1876.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

The action was brought against the defendants as the trustees of the Mott Brick Company, to charge them with a debt due from the corporation, because of their failure to file the annual report required by the statute in 1876. The last election of trustees was held February 27, 1874.

The defendants claimed that they ceased to be trustees in February, 1875, and that they were not liable for the subsequent failure of the company to file the report.

*James W. Taylor*, for the appellant.

*Redfield & Hill*, for the respondents.

GILBERT, J.:

It was indispensable for the plaintiff to prove that the defendants were, in fact, trustees of the corporation in January, 1876. That he failed to do. Their term of office expired on the 25th of February, 1875. They did not " hold over," nor do any act after the last-mentioned day. On the contrary, it appears that on the 15th of January, 1875, the trustees of the corporation passed a resolution that the corporation should cease to transact business, and at the same time severally resigned their offices. Such resignation to take effect February 25, 1875. These acts constituted an unequivocal manifestation of their intention to relinquish the office of trustee, and to abstain from holding over. They owed no duty to private parties to continue the business of the corporation, or to preserve its corporate existence. Much less were they required to induce other persons to step into their places. The corporation had fallen into such a state that it became the duty of the trustees to discontinue its business and wind up its affairs. It is said that a presumption of their election to hold over, arises from their neglect to take the preliminary steps for an election in February, 1875. We have been referred to no authority for that proposition, and we cannot give it our assent. No doubt they had the power to hold over, or provide for an election of trustees to take their places. But neither the act of

incorporation, nor the by-laws of the corporation, imposed on them the obligation of doing so. (*Chandler* v. *Hoag*, 2 Hun, 613; *Sanborn* v. *Lefferts*, 58 N. Y., 179.) It is enough, however, to exonerate them from liability that they were not trustees when the alleged default occurred. They cannot be made liable in this action for their refusal to continue in office, or for a failure to provide for an election of persons to succeed them as trustees. In short, they are not liable for a failure to make the annual report in January, 1876, because they were not then trustees of the corporation. It is not an answer to this to say that it was their duty to continue in office, or to provide for an election of others to take their places. For the statute has imposed no penalty for such a violation of duty, and this action was not brought to recover such a penalty.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs in each case.