CORNELIA LOSEE et al., Executors, etc., Appellants, *v.* DANIEL A. BULLARD, Impleaded, etc., Respondent.

Where a trustee of a manufacturing corporation has become liable for a debt of the corporation, because of failure to make and file an annual statement as required by the statute (§ 12, chap. 40, Laws of 1848), the statute of limitations then begins to run as to that debt, and the right of action is barred in three years thereafter, although the default is continued during successive years; the continuance of the default does not revive the liability or create a new one.

*Boughton* v. *Otis* (21 N. Y., 264), distinguished.

A technical dissolution of such a corporation is not necessary to relieve a trustee from the consequences of not filing an annual statement thereafter; it is sufficient if the organization has been practically abandoned.

A judgment was obtained against a manufacturing corporation in 1867; no annual statement was thereafter filed. The company was organized in 1863, with three trustees; no officers were thereafter elected; it ceased to do business in 1865. In 1870 two of the three trustees sold out their stock to their co-trustee and never afterwards acted, the third trustee was, from the time of the purchase, the sole stockholder. The only act done by him thereafter was the payment of a debt of the corporation incurred in 1865. This action was brought in June, 1875. *Held,* that the corporation was practically abandoned, and the statutory requirement as to filing reports had no application to it; that even if successive defaults could continue or renew the liability, no default was shown to have been committed within three years before the commencement of this action.

*Sanborn* v. *Lefferts* (58 N. Y., 179), distinguished.

(Argued December 5, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought against defendants as trustees of the Saratoga Paper Company, to recover the amount of a judg-

ment obtained by Henry Losee, plaintiffs' testator, against said company, on the ground of alleged failure on the part of defendants, as trustees, to make and file the annual statements required by the general manufacturing act (§ 12, chap. 40, Laws of 1848).

The judgment against the company was recovered in 1867, it was for injuries sustained by said Losee by means of the explosion of a boiler belonging to the company.

The further facts appear in the opinion.

*A. Pond*, for appellants. It was error to hold that the plaintiffs' claim was barred by the statute of limitations. (3 R. S. at Large, 735, § 12; Laws 1848, chap. 40, p. 57, § 12; *Whitney* v. *Barlow*, 62 N. Y., 62; *Jones* v. *Barlow*, id., 202, 206; *Boughton* v. *Otis*, 21 id., 261, 264; *Shaler Co.* v. *Bliss*, 27 id., 297; *Nimmons* v. *Tappan*, 2 Swee., 652.) The corporation could only be relieved of the duty to make and file its annual report by a regular judicial dissolution of it. (*Sanborn* v. *Lefferts*, 58 N. Y., 179; *Denning* v. *Puleston*, 55 id., 655; 3 J. & S., 309; *Carey* v. *Schoharie*, 4 N. Y. [S. C.], 285; *Willett* v. *White*, 25 N. Y., 581; *Nimmons* v. *Tappan*, 2 Swee., 652, 659; *Reed* v. *Keese*, 60 N. Y., 616; 5 J. & S., 269.)

*E. F. Bullard*, for respondent. This action was barred by the three years statute of limitations. (*Merchants' Bank* v. *Bliss*, 35 N. Y., 412; *Boughton* v. *Otis*, 21 id., 262; 62 id., 202; *Cameron* v. *Seaman*, 69 id., 396.) A judgment against the corporation is not evidence against the trustees. (*Miller* v. *White*, 50 N. Y., 137; *Adams* v. *Mills*, 60 id., 533; *Jones* v. *Barlow*, 62 id., 202.) Upon the sale by E. F. Bullard and Buchanan of their stock in May, 1870, they ceased to be trustees or officers of the corporation and were no longer liable. (*Sturges* v. *Vanderbilt*, 73 N. Y., 384; 3 R. S., 733, § 3; 50 N. Y., 137; A. & A. on Corps., 108, § 14; id., 736, § 3.) The corporation was practically dissolved by suspending its ordinary business in January, 1865,

and failing to resume within one year thereafter. (3 R. S., 463, § 38; *Slee* v. *Bloom*, 19 J. R , 476; Laws 1811, chap. 67, § 2, 7; *Bradt* v. *Benedict*, 17 N. Y., 96; *Huguenot Nat. Bank* v. *Studwell*, 7 N. Y. Weekly Dig., 448; 74 N. Y., 621.)

RAPALLO, J. If the respondent ever became liable for the amount recovered by the plaintiffs' testator against the Saratoga Paper Company, such liability accrued and was complete at least as early as the year 1868, the judgment having been recovered in April, 1867, and the statement required by the statute not having been filed in January, 1868. Assuming that this judgment then was an existing debt of the company, for which the omission to file the statement rendered the respondent liable, this action should have been brought within three years from the time the cause of action against him accrued. (*Merchants' Bank* v. *Bliss*, 35 N. Y., 412.) It was not brought until June 5, 1875, and was at that time clearly barred by the statute.

The appellants claim that the failure to file the certificate in each year after 1868, created a new liability on the part of the defendant, and that consequently the default in 1873 and the subsequent years can be resorted to for the purpose of maintaining this action and avoiding the effect of the statute of limitations. We think this position untenable, for two reasons. In the first place the statute requires that the action be brought within three years from the time the cause of action accrued. The action was for a statutory penalty. This penalty, if it ever was incurred, was completely incurred in 1868, and the testator of the plaintiffs could then have brought his action therefor. We do not think that the continuance of the default in successive years had the effect of renewing the liability of the respondent, as would a new promise or a payment on account, in the case of a liability founded on contract. The remarks of COMSTOCK, J., in *Boughton* v. *Otis* (21 N. Y., 264), are not applicable to this case. They relate to the liability of successive trustees, for the same debts, not of the same trustee for the same debt

by reason of successive defaults. They do not affect the question whether a trustee having once become liable for a particular debt, the statute of limitations begins to run in his favor from that time as to that debt, notwithstanding that the default may be continued during successive years.

We are also of opinion, however, that even if successive defaults could continue or renew the liability, no default was shown to have been committed by the respondent within three years before the commencement of this action. The latest default alleged, of which the appellants could on any theory avail themselves, was the omission to file the statement in January, 1873, this action not having been brought until June 5, 1875. It appears from the findings that the corporation ceased to do business in 1865, and that it contracted no debts after that time. That from and after January 20, 1865, it suspended its ordinary business and never has resumed it, the only act shown to have been done being the payment by the respondent, in 1872, of one debt of the company incurred prior to 1865, and on which an action was pending. That in May, 1870, the defendants Edward F. Bullard and Coe S. Buchanan, who were the co-trustees of the company under the original articles of association, sold all their stock to the respondent, D. A. Bullard, and never afterwards acted as trustees, and that from that date the respondent, D. A. Bullard, was the only stockholder. It does not appear that there ever was any election of officers or trustees after 1863 when the company was organized and Buchanan was elected president; and it is found that no president was ever afterwards elected. Under these circumstances we think the corporation was practically abandoned and broken up, if not technically dissolved, and that the statutory requirement had no application to it. It had not only ceased business, but was incapable of transacting any. It had no trustees or officers who could manage its affairs, or make the required statement. All its powers were suspended, if not finally extinguished. It would, we think, be a perversion of the intent of the statute in question to visit its penalty upon a

party upon the ground that he had been a trustee of a corporation thus situated. As said by SPENCER, J., in *Slee* v. *Bloom* (19 J. R., 476), for all the substantial purposes of justice, and in effect, the corporation was dissolved. A technical dissolution is not necessary to relieve trustees from the consequences of not filing an annual statement. In *Huguenot N. Bank* v. *Studwell* (74 N. Y., 621), it was held that on the appointment of a receiver, without a final decree of dissolution, the corporation was so far dissolved that thereafter there was no duty upon the trustees to make the annual report. In *Sanborn* v. *Lefferts* (58 N. Y., 179), the corporation had not, at the time of the default, even suspended its ordinary business for one year; the defendant held over and acted as trustee until after the time the annual statement should have been filed, and the action was brought within three years after the first default.

The points discussed are quite sufficient to sustain the judgment without reference to the question whether the plaintiff's testator was a creditor, for whose claim a trustee could be liable under the statute, or to the point that the judgment against the corporation was not evidence of its indebtedness, as against the trustees.

By placing our decision upon all the facts appearing in the case we do not intend to intimate that the omission to file the statement in 1868 after the corporation had discontinued business for three years rendered the defendant liable.

The judgment should be affirmed.

All concur.

Judgment affirmed.