The First National Bank of Jersey City, Appellant, *v.* Archibald Lamon, Impleaded, etc., Respondent.

In an action by a creditor of a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848), against its trustees to enforce the liability imposed by said act (§ 12), because of a failure to file an annual report in January, 1887, L., one of the defendants, claimed that he was not a trustee at that time. It appeared that L. was elected in 1880, and that no subsequent election was held; he testified that after the expiration of a year from his election he had nothing to do with its affairs, except to perform duties as foreman in its shop; that he never attended or was notified to attend any meeting of the trustees, and was never consulted by its officers. It appeared, however, that in December, 1886, in opposition to an application to the attorney-general to bring an action to dissolve the corporation, L. made and read an affidavit in which he stated that he was a trustee and referred to the others as his co-trustees; he reiterated this statement in an affidavit thereafter made to oppose the appointment of a receiver. L. testified in regard to these affidavits that he did not understand when he made them that he was making a statement that he was then a trustee, but supposed he had stated he was once a trustee. *Held*, that the question was one of fact and having been found against the defendant below, it was not reviewable here.

The claim of the plaintiff was upon notes given by the corporation in September and October, 1886, which did not mature until after January 20, 1887. The corporation stopped work in its shops and discharged its employes about December 15, 1886. About that time it borrowed a large sum of money giving a mortgage upon its property to secure it. L. testified that it was then solvent. The application to the attorney-general was made December 29, 1886, the ground of which did not

appear. The action was commenced by him January 15, 1887. An order to show cause why a receiver should not be appointed was granted January 18 and a receiver was appointed March 7, 1887. The bringing of the action and the appointment of a receiver were opposed by two out of four trustees. *Held,* that the trustees were not, under the circumstances, relieved from the duty of filing the report in question.

*Huguenot Bank* v. *Studwell* (74 N. Y. 621); *Losee* v. *Bullard* (79 id. 404); *Bruce* v. *Platt* (80 id. 379); *Van Amburgh* v. *Baker* (81 id. 46); *Kirkland* v. *Kille* (99 id. 360), distinguished.

*F. N. Bank* v. *Lamon* (55 Hun, 414), reversed.

(Argued December 4, 1891; decided December 22, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 24, 1890, which reversed a judgment in favor of plaintiff entered upon the report of a referee, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hamilton Wallis* for appellant. The respondent was a trustee at the time default was made in filing the annual report of the company. (*Read* v. *Keese,* 60 N. Y. 616; *Deming* v. *Buleston,* 55 N. Y. 655.) The trustees of the company had not been in any way relieved or excused from filing an annual report as required by law. (*H. Bank* v. *Studwell,* 74 N. Y. 621; *Sanborn* v. *Lefferts,* 58 id. 179.)

*W. J. Townsend* for respondent. The trustees were under no obligation to file a report in January, 1887. (*Bruce* v *Platt,* 80 N. Y. 379; *Kirkland* v. *Kille,* 99 id. 390.) The defendant Lamon was not a trustee at the time of the alleged default. (*Bruce* v. *Platt,* 80 N. Y. 379; *Garrison* v. *Howe,* 17 id. 458; *Miller* v. *White,* 50 id. 137; *W. A. Co.* v. *Barlow,* 63 id. 62; *Van Amburg* v. *Baker,* 81 id. 46; *P. & R. C. & T. Co.* v. *Hotchkiss,* 82 id. 471; *Reed* v. *Keese,* 6 J. & S. 269; *Deming* v. *Puleston,* 1 id. 231.) Any admission, whether verbal or in writing, may always be explained and the fact shown to be otherwise, unless the party has acted upon the

admission so as to present the question of estoppel which cannot be claimed in this case. (1 Taylor on Evidence, 709, § 819.)

BROWN, J. This action was brought by the plaintiff, a creditor of the Atlantic Steam Engine Works — a corporation organized under the General Manufacturing Act — to enforce a personal liability of the defendant as a trustee of such corporation for failure to file in January, 1887, the annual report required to be filed by the twelfth section of the act referred to.

Two defenses are made to the action : First, that the defendant was not a trustee of said corporation at the time of the default in filing the report; and second, that the trustees were under no obligation to file a report in January, 1887.

It appeared upon the first defense that the defendant was elected a trustee in the year 1880. No subsequent election was ever held. He testified that after the expiration of a year from his election he had nothing to do with the affairs of the company other than to perform his duties as foreman of the shop, which consisted in laying out the work and hiring men. He never attended any meeting of the trustees, and was not notified to attend any, and was never consulted by the officers about any business of the corporation. It appeared, however, that in December, 1886, an application was made to the attorney-general to bring an action to dissolve the corporation, which was opposed by the defendant, and upon the hearing before that officer the defendant made and read an affidavit, in which he swore that he was a trustee of the corporation, and referred to the officers thereof as his co-trustees. That the attorney-general having commenced an action to dissolve the corporation, a motion was made therein for the appointment of a receiver, which motion was opposed by the defendant upon his affidavit, in which he reiterated the statement that he was a trustee. Upon the trial of this action the defendant testified that he did not understand when he signed and swore to said affidavits that he was making a statement that he was at that time a trustee, but intended to state, and

supposed that he had stated, that he was once a trustee of the company.

The weight to be given to the defendant's explanation of the affidavits was for the trial court to determine. He was not bound to hold over after the expiration of the term for which he was elected, and he was not bound to act after that time, but he might, with the consent of the stockholders, do so. His affidavits were to the effect that he had held over, and the referee's conclusion having been adverse to the defendant, and the General Term not having reversed that finding, we cannot say that there is no evidence to sustain it. We must, therefore, accept as established, the fact that the defendant was a trustee at the time default is alleged in the filing of the report.

The General Term sustained the second defense. The facts upon which that defense rests are undisputed, and are as follows: The corporation ceased work in its shops between the 10th and 15th of December, 1886. The cause of the suspension is not stated. The buildings were locked and the men in its employ were discharged, and after that time no work of any kind was done.

On December twenty-ninth, application was made to the attorney-general by two of the four trustees to bring an action to dissolve the corporation. The hearing was adjourned to January 6, 1887, and on January fifteenth an action was commenced. Neither the grounds of the application to the attorney-general nor the grounds of the action commenced by him appear.

On January eighteenth an order was granted, returnable on the twentieth, to show cause why a receiver of the corporation should not be appointed, which order restrained creditors from issuing executions against the company's property, and on March 7, 1887, a receiver was appointed.

The question presented is, was the corporation, under the circumstances stated, relieved from making and filing the annual report.

This court has decided that on the appointment of a receiver

of a manufacturing company, the corporation is so far dissolved that thereafter the duty is no longer upon the trustees to make the report (*Huguenot Bank* v. *Studwell*, 74 N. Y. 621), and that when the corporation has been practically abandoned, the requirement as to filing reports does not apply to the trustees. (*Losee* v. *Bullard*, 79 N. Y. 404; *Bruce* v. *Platt*, 80 id. 379; *Van Amburgh* v. *Baker*, 81 id. 46.)

In *Losee* v. *Bullard* the default was alleged to have been made in 1873, and it appeared that the corporation had suspended business in 1865, and never resumed and had contracted no debts after that time.

In *Bruce* v. *Platt* the alleged default was in January, 1875, but more than a year previous all the property of the corporation had been sold under execution and from that time the corporation had no property or business, no means of procuring money and no ability or intention of resuming business.

The result of these cases is summed up by Judge Danforth in *Kirkland* v. *Kille* (99 N. Y. 390–395) as follows: When the condition of the company is such that the end and object for which it was formed are destroyed and there is neither an ability or intention on its part at any time to further prosecute its business, it is no longer required to make the report mentioned in section 12 of the Manufacturing Act.

This case does not fall within the rules enunciated in any of the cases cited. The corporation was not in the hands of a receiver at the time of the default. Nor does the evidence show that it was insolvent. Nor had its franchises been abandoned. On the contrary it appears that the notes held by the plaintiff had been given in September and October, 1886, and matured subsequent to January 20, 1887, and up to December fifteen it was engaged actively in the prosecution of its business.

At the time it closed its shops the defendant testified that it owned real estate and other property of the value of sixty thousand dollars and about the same time it borrowed a large sum of money from the Brooklyn Bank and gave a mortgage to secure such loan upon its property and that it was then solvent and had a large surplus over and above its debts.

The action to dissolve the corporation was opposed by two out of the four trustees and there is nothing in the evidence to indicate that the object for which it was formed was destroyed or abandoned or that there was not ability to resume its business.

Under these circumstances the trustees were not relieved from the duty imposed by the statute to file the annual report.

In *Sanborn* v. *Lefferts* (58 N. Y. 179), the defendant was sued as a trustee for failure to file a report in January, 1870. It appeared that in October, 1869, the trustees had resolved to discontinue business owing to the embarrassed condition of the company and wind up its affairs and that in the early part of January its property was sold.

This court decided that these facts did not exempt the trustees from the statutory consequence of a failure to file the prescribed report.

The facts in *Sanborn* v. *Lefferts*, were stronger for the defendant than in the case before us. Here there was no action by the corporation with a view to the discontinuance of business or abandonment of its franchise, nor was there acquiesence in such a course by the trustees or stockholders, and we are of the opinion that the mere fact of an application by the attorney-general at the instance of two of the trustees for a dissolution of the corporation upon grounds undisclosed so far as this action is concerned, and in view of the active opposition thereto by half of the trustees, did not relieve them from the duty of making and filing the annual report.

The order of the General Term should be reversed and the judgment entered on the referee's report affirmed.

All concur, except Potter, J., not voting.

Order reversed and judgment affirmed.