HIRAM L. BROWN, Respondent, *v.* CHARLES N. CLARK, Appellant.

81 267
87 604

Same Respondent *v.* JOHN MELVIN, Appellant.

Same Respondent *v.* EDWIN D. MEAD, Appellant.

*Corporation — personal liability of trustees for a failure to file an annual report — when a trustee cannot enforce it — the practical dissolution of a corporation excuses the filing of the report.*

Where a person continues to act as the trustee of a corporation until a default is made by it in respect to its duty of filing a report as to its condition, as required by statute, neither he nor his assignee can maintain an action against other trustees of the corporation to enforce a personal liability against them because of their failure to file the annual report of the corporation required by chapter 2 of the Laws of 1892, but where it appears that the assignor of the plaintiff, in an action brought for that purpose against the trustees of a corporation, had ceased to be a trustee before its failure to file the annual report, the action is maintainable upon proof of sufficient facts, and the mere fact that the plaintiff and his assignor are stockholders of the corporation, and that they were present at and participated in a meeting of the corporation, and were then made thoroughly acquainted with the financial condition of the company, does not constitute any defense to the action.

Where a corporation has been practically dissolved and abandoned, the statutory requirement as to filing a report is no longer in force. If the condition of the company is such that the end and object for which it was formed are destroyed, and there is neither ability nor intention on its part at any time to further prosecute its business, it is no longer subject to the statutory requirement, but although a corporation is doing business at a loss, and is consequently in a state of insolvency, it cannot be said that the end and object for which it was formed are destroyed, and it is in such case required to file a report.

APPEAL by the defendant, Charles M. Clark, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ontario on the 27th day of February, 1894, upon the decision of the court rendered after a trial at the Ontario Special Term, sustaining the plaintiff's demurrer to the second defense contained in the answer.

The three above-entitled actions were brought to enforce a personal liability against the defendants, as trustees of the Shortsville Cart Company, because of a failure to file the annual report required by chapter 2 of the Laws of 1892.

The facts alleged in the pleading demurred to, together with some additional ones set forth in the complaint and not denied in the answer, were as follows:

The Shortsville Cart Company is a manufacturing corporation, organized under the laws of this State, and at the time of the commencement of these actions it was insolvent and wholly unable to pay its debts.

Its place of business was at Shortsville, Ontario county, and for a long time prior to the default upon which these actions are based, it was indebted to one Edgar D. Mather, a banker doing business at that place, for moneys loaned by him to the corporation, and by it expended in the prosecution of its business. Such indebtedness was evidenced by certain promissory notes made by the defendant to the order of, and indorsed by, one Calvin P. Brown. These notes were renewed from time to time, and the last renewals were in existence, but not yet due, in January, 1893.

The plaintiff, the said Edgar D. Mather, and the said Calvin P. Brown, are all stockholders of such corporation, and up to the 13th of December, 1892, Mather was its treasurer and one of its trustees. Upon the day last mentioned the annual meeting of the stockholders of the company was held at the banking office of Mather, which was attended by Mather and both of the Browns, all of them being active participants in the proceedings thereof. At this meeting the financial affairs of the company were discussed, and it was then made to appear that its business had been carried on at a loss ; that for this reason it had discharged its employees, and, for a period of some four months prior thereto, it had wholly ceased the manufacture of the articles it had been organized to manufacture, and that, for the same period of time, it had transacted little or no business except to dispose of such products as had been theretofore manufactured. In view of this situation of affairs, it was determined at this meeting to discontinue and abandon the business for which the company was incorporated, and to dispose of its property and effects at the earliest possible date. To this end trustees were elected, of whom the defendant in each action was one, and they were directed to sell the shop, stock and machinery, and terminate the business as soon as possible. The trustees thus elected entered at once upon the discharge of their duties in the manner directed by the meeting. They did no further manufacturing ; they purchased no additional stock, neither did they incur any new obligations, but as rapidly as possible they converted the stock on hand into money.

Thereafter, and in the month of May, 1893, proceedings for the legal dissolution of the corporation were duly instituted, and a temporary receiver of its property was appointed by the court.

The newly elected trustees never filed any report of the condition of the company.

Upon the maturity of the last renewals of the notes in question, Mather instituted proceedings for their collection, and when he had obtained judgment thereon, he assigned the same, together with the notes, to the plaintiff, who is now the owner and holder thereof.

*Thomas H. Bennett* and *Walter H. Knapp*, for the appellant.

*Edwin Hicks* and *F. L. Brown*, for the respondent.

Present — DWIGHT, P. J., LEWIS, HAIGHT and BRADLEY, JJ.

Interlocutory judgment appealed from in each case affirmed, with costs, with leave to amend answer within twenty days as to the issue in question, upon payment of the costs of this appeal, on opinion of ADAMS, J., at Special Term.

The opinion of the Special Term is as follows:
ADAMS, J. :

If this were an action in which the court felt itself authorized to determine the issue upon principles of equity, it would not be a matter fraught with much difficulty to hold that the pleading demurred to contained a good defense. For it is easy to see that the plaintiff is taking advantage of a condition of things for which he is, in a measure, responsible, to enforce the payment of a debt by parties, who, while technically guilty of an omission of their statutory duty, have not, by such omission, prejudiced the plaintiff or his assignor in the slightest degree. But the action is a strictly legal one ; and, moreover, it is brought to enforce a statutory liability, which, although highly penal in its character, is one which is also beneficial so far as the general public is concerned, and, therefore, while the courts have not been anxious to extend by construction the liability of a trustee for a violation of the duty imposed by the statute, they have nevertheless manifested a disposition to apply the remedy which it is designed to afford, with considerable rigor.

The portion of the answer demurred to was undoubtedly drawn by the pleader with the sole idea of setting up by way of justification a state of facts which might be regarded as tantamount to an abandonment, by the corporation, of the business for which it was organized, as well as a practical termination of its corporate functions. It is true that in the last paragraph there is an allegation to the effect that the plaintiff, his assignor, and Calvin P. Brown, each had due knowledge of all the facts which, as has been shown, stand admitted, and, upon the argument, it was contended that for this reason the plaintiff should not be permitted to recover. But if it may be held that such a defense is sufficiently pleaded, of which there is serious doubt, it would be difficult in view of repeated adjudications to make it available upon the facts of this case. Had Mather continued to act as a trustee until the default complained of occurred, unquestionably neither he nor his assignee, within well-settled principles, could maintain this action. (*Briggs* v. *Easterly*, 62 Barb. 51; *Bronson* v. *Dimock*, 4 Hun, 614.) But, as said by Van Brunt, J., in the latter of these cases, the reasoning therein does not apply where it appears that the assignor, as in this case, had ceased to be a trustee before the failure to file the annual report, and it necessarily follows that the mere fact that the plaintiff and his assignor are stockholders; that as such they were present at, and participated in, the meeting of December thirteenth, and were made thoroughly acquainted with the financial condition of the company, does not constitute any defense, and so it was expressly held in *Sanborn* v. *Lefferts* (58 N. Y. 179).

It remains, therefore, to determine whether the averments set forth in the second defense do establish such an abandonment, by the corporation, of its business as would justify its trustees in omitting to file the annual report required by the statute.

It has been repeatedly held that where a corporation has been practically dissolved and abandoned, the requirement as to filing a report is no longer in force (*Huguenot Bank* v. *Studwell*, 74 N. Y. 621; *Losee* v. *Bullard*, 79 id. 407; *Bruce* v. *Platt*, 80 id. 379; *Van Amburgh* v. *Baker*, 81 id. 46), and in reviewing these authorities, Judge Danforth, in *Kirkland* v. *Kille* (99 N. Y. 390, 395), takes occasion to formulate the result of his investigation as follows, viz.: " That when the condition of the company is such that the

end and object for which it was formed are destroyed and there is neither an ability nor intention on its part at any time to farther prosecute its business, it is no longer required to make the report." Now, although in the case of the Shortsville Cart Company it was made to appear in December that it had been doing business at a loss, and was consequently in a state of insolvency, it can hardly be said that the end and object for which it was formed were destroyed, for its failure to succeed may have been attributable to some mismanagement or to some other cause, which, when removed, would put an entirely different aspect upon its affairs. Neither can it be said that the ability to continue its business did not exist. That there was a *bona fide* intention on the part of its trustees to discontinue the business of manufacturing, and to wind up its affairs, is not to be questioned ; but, if upon maturer deliberation, or the happening of some unexpected event, the opportunity for resuming active operations had presented itself, there was nothing to prevent them from embracing it, and in that case, if the defendant's contention is tenable, all statutory liability might be easily evaded for at least such obligations as were incurred prior to actual resumption. It is true that the answer alleges that the business was abandoned, and that nothing was done by the trustees subsequent to the meeting of December thirteenth, save what was necessary in order to close up the affairs of the company. This, however, is really no more than the statement of a conclusion, but it matters not what was actually done, so long as the trustees and the stockholders still had the right and the power to rescind former action and continue the business. In this connection it is worth noting that there is a somewhat significant absence of any allegation that no meetings of the trustees were held subsequent to the one of December thirteenth.

I am unable to discover any material difference between the facts of this case and those upon which the decision in *Sanborn* v. *Lefferts* (*supra*) was made to rest. In that case it is said that in the absence of any legal dissolution of the company, the extra judicial proceedings, like those which characterize the case under consideration, did not affect the statutory liability of trustees to creditors. Possibly this proposition has been somewhat modified by later decisions, but practically it has been pretty well adhered to, and the fundamental principle of that case has been reiterated very recently by the Court

of Appeals. (*First N. Bank* v. *Lamon,* 130 N. Y. 366.) Upon well-sustained and oft-repeated authority, it would seem that this court has no alternative in the matter, and the demurrer is, therefore, sustained, with leave to the defendant in each case to amend his answer within twenty days upon payment of the costs of this issue, but in case the defendant does not elect to amend his answer the costs of this issue may abide the event of the issue of fact.