FOURTH DEPARTMENT, NOVEMBER TERM, 1894.          [Vol. 82.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.

---

In the Matter of the Application of THOMAS R. PETRIE and Another, as Administrators, etc., of STILLMAN B. SANDERS, Deceased, Respondents, to Dispose of his Real Estate to Pay his Debts; HUDSON B. FARRINGTON, Appellant.

*Promissory note — effect of payments by one of several parties liable thereon — Statute of Limitations — agency of the party making the payment — erroneous rulings, when disregarded on appeal.*

Where a payment of interest is made upon a promissory note by the maker thereof in the name of and as the agent for another, who is liable thereon, the payment (if it be subsequently recognized and approved by the person on whose behalf it was alleged to have been made, with full knowledge of the facts) is, as to the Statute of Limitations, equally binding upon him as a payment made by himself, irrespective of whose money was used in making the payment.

Where one of two or more makers of a joint and several promissory note in fact signs it as surety, a payment made thereon by his co-maker is not sufficient to take the note out of the Statute of Limitations as against such surety, where the payment is not made by the maker as the authorized agent of such surety, unless the surety subsequently ratifies such payment.

To make payments effective against a party to save a claim from the Statute of Limitations, they must have been made by him, or for him by his authorized agent; in all cases they must be, by previous authorization or subsequent ratification, the payments of the party sought to be affected by them.

Where erroneous rulings are made in regard to the reception of evidence upon the trial of an action, if the error is harmless, it does not constitute a sufficient cause for the reversal of the judgment rendered therein.

APPEAL by Hudson B. Farrington, an alleged creditor of the estate of Stillman B. Sanders, deceased, from that portion of a decree of the Surrogate's Court of the county of Herkimer, entered in the Herkimer County Surrogate's Court on the 15th day of May, 1893, which adjudged that the claim of one Madeline Harter, assigned to the appellant, was not a valid or subsisting debt against the estate of Stillman B. Sanders, deceased.

*J. A. & R. E. Steele,* for the appellant.

*Steele & Prescott,* for the respondents.

MARTIN, J.:

A proceeding was instituted in the Surrogate's Court of Herkimer county on the application of Thomas R. Petrie and another, administrators of the goods, chattels and credits of Stillman B. Sanders, deceased, for the disposition of the decedent's real property for the payment of his debts. While such proceeding was pending, and on or about January 31, 1891, Madeline Harter presented a claim against the estate of the decedent for $600 and interest from November 2, 1889. The claim thus presented was upon a promissory note dated March 8, 1875, whereby Thomas R. Petrie and the decedent promised to pay to Madeline Harter or bearer the sum of $1,200 with interest one year from the date thereof. Payments had been made from time to time, so that there remained unpaid thereon only the sum of $600 and interest as already stated. Upon the presentation of this claim, which was assigned to Hudson B. Farrington March 10, 1891, the administrators filed an answer setting up the Statute of Limitations.

Upon the trial the only question litigated was whether this claim was barred by the statute. It clearly appears that more than six years had elapsed after the note became due, and before the death of the intestate. The only ground upon which the claimant sought to avoid the operation of the statute was, that within six years before the death of the intestate he had made a payment upon such note.

The indorsements upon this note showed that the interest in full to that time and $600 of the principal were paid in or prior to March, 1883. The following indorsements also appeared thereon : "Nov., 1888, received hay, the price of the same to applied as interest within;" " Received on within note, Nov. 2, 1889, $91.28, as interest." The claimant alleged and gave evidence which perhaps tended to show that on or about the 1st of January, 1887, the intestate sold and caused to be delivered to then holder of the note, a load of hay, and that afterwards, and in or about the month of March following, it was agreed between them that the price and value thereof should be applied in part payment of the interest due upon the note. Upon this alleged payment the claimant relied to relieve the note from the bar of the Statute of Limitations.

The surrogate found that the note was made and executed by Thomas R. Petrie and the intestate, and delivered to Madeline Harter on March 8, 1875 ; that Thomas R. Petrie was the principal maker and had the benefit thereof, the intestate having signed the same as surety ; that the intestate died on September 18, 1890, and Thomas R. Petrie and Marietta S. Gardner were duly appointed administrators of his estate on or about October 9, 1890 ; that $600 of the principal and the interest in full on such note up to March 8, 1883, had been paid ; that about January 1, 1887, Petrie delivered to Miss Harter, to apply as payment on said note, a load of hay of the value of five to ten dollars, which with other payments, making $91.28, was indorsed on said note by Petrie November 2, 1889 ; that no other payments had been made thereon; that the hay was delivered about January 1, 1887, was delivered by Petrie and was a payment made by him, and not a payment made by him as agent for the decedent, and not a payment by the decedent upon the note ; and that for six years prior to his death the intestate made no payments upon such note, or did any act to prevent the running of the Statute of Limitations.

As a conclusion of law the surrogate held that the note and claim of the claimant was barred by the Statute of Limitations as against the estate of the intestate, and was not a valid claim against it. In pursuance of this decision a decree was entered which, among other things, ordered, adjudged and decreed that the claim of Madeline Harter, assigned to Hudson B. Farrington, was not a valid or sub-

sisting debt against the estate of the intestate, and that the claimant was not entitled to have the amount due on such claim established in this proceeding as a debt due from the decedent, and the claim was disallowed and rejected. From this portion of the decree Hudson B. Farrington, the claimant, appealed.

An examination of the evidence discloses that whether the payment of January, 1887, was made by or for the intestate, or was made by Thomas R. Petrie, one of the makers of the note, was at least a question of fact to be determined by the Surrogate's Court. If that payment was made by Petrie, and not by or for the intestate, it is obvious that the claimant's note was barred by the Statute of Limitations as against his estate. The evidence upon the question whether the payment was made by Petrie or by or for the decedent was, perhaps, conflicting, and yet a careful examination shows that it was sufficient to sustain the finding of the Surrogate's Court that the payment was made by Petrie and not by or for the decedent. We think this finding was fairly sustained by the evidence, and hence the Surrogate's Court was justified in holding that the claim of the claimant was barred by the Statute of Limitations.

While where a payment of interest was made upon a promissory note by the maker in the name of and as agent for another who was liable thereon, it was held that a subsequent recognition and approval of the act by the other, with full knowledge of the facts, was, as to the Statute of Limitations, equally binding upon him as a payment made by himself, and that it was immaterial whose money was used in making the payment (*First Nat. Bank of Utica* v. *Ballou*, 49 N. Y. 155), yet it has also been held that where one of three makers of a joint and several promissory note, who in fact signed it as a surety, upon being applied to for payment, requested the payee to tell the principal that he must make a payment thereon, and that he, the surety, said so, and the payee made the statement to the principal as requested, who promised to and did subsequently make a payment which he reported to the surety, who said it was all right, it was held that these facts did not show an authority conferred upon the principal to make a payment as agent of the surety, so as to take the case as to the latter out of the Statute of Limitations, and also that they failed to establish a ratification of the pay-

ment. (*Littlefield* v. *Littlefield*, 91 N. Y. 203.) In *McMullen* v. *Rafferty* (89 N. Y. 456, 459) EARL, J., said : " But it is the settled law of this State that payments made by one joint contractor cannot save from the Statute of Limitations a claim against another joint contractor, and that payments made by the principal debtor cannot save from the statute a claim against the surety ; and it makes no difference that the payments were made with the knowledge of the other party liable for the same debt. To make payments effective against a party to save a claim from the statute, they must have been made by him or for him by his authorized agent. One joint contractor may make payments as agent for all the contractors, or the principal debtor may make payments for and in the name of his surety as his agent, or payments may thus be made in the name of all the joint contractors, or of the surety, without previous authority, but be subsequently ratified, and in all such cases the running of the statute may be prevented. But in all cases, to make the payments effective, they must, by previous authorization or subsequent ratification, be the payments of the party sought to be affected by them."

Upon the facts as found by the Surrogate's Court, there is nothing in any of these cases which would have authorized the court to hold that the intestate made any payment which would relieve the debt, as against him or his estate, from the bar of the statute. Under the facts found, and the principles of law applicable to this question, we think the Surrogate's Court was clearly justified in its conclusion that the claimant's demand was not as against the decedent's estate relieved from the bar of the Statute of Limitations by the delivery of the load of hay in January, 1887.

We have examined the several exceptions of the appellant to the admission and rejection of evidence, to which our attention has been directed by him, but have found none that require a reversal of the portion of the decree appealed from. While it may be admitted that some of the rulings as to the admission and rejection of evidence are, at least, of doubtful propriety, still, as the only material issue which was litigated by the parties was whether the decedent made the payment of January, 1887, or procured it to be made under such circumstances as to relieve the note from the bar of the statute as against him or his estate ; and as the evidence to which the appel-

lant's exceptions were taken related wholly to matters that were collateral, immaterial, or did not bear upon the issue between the parties, the rulings were, if erroneous, harmless, and hence do not constitute a sufficient cause for reversal.

These considerations lead us to the conclusion that the decree of the Surrogate's Court should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Decree of the Surrogate's Court of Herkimer county affirmed, with costs.