(25 Civ. Proc. R. 310; 16 Misc. Rep. 400.)

### BLAKE v. CLAUSEN.

(Supreme Court, Trial Term, New York County. March, 1896.)

CORPORATIONS—LIABILITY OF TRUSTEES—FAILURE TO FILE ANNUAL REPORT—
　　STATUTE OF LIMITATIONS.
　　　Under Laws 1875, c. 510 (providing that, when a manufacturing corporation fails to file an annual statement of its condition, the trustees of such corporation shall be liable for debts then existing or that shall be contracted before such report is made), and Code, §§ 383, 415 (providing that actions against trustees on such claims shall be begun within three years from the time the right of relief by action accrues), the limitation begins to run from the time the debt first became due and enforceable by action, and the operation of the statute cannot be suspended by renewals or extensions granted without consultation with or the knowledge of the trustee sought to be charged.

This was an action brought by Israel O. Blake against George A. Clausen to enforce the statutory liability of a trustee for failure to make an annual report of the condition of the manufacturing corporation. Judgment for defendant.

Carpenter & Hassett, for plaintiff.
Guggenheimer & Untermyer, for defendant.

McADAM, J. The action is to charge the defendant, as trustee of the Brewers' Ice Company, a corporation formed under the manufacturing act of 1848, with $5,349.21, a balance due on a debt of $6,000 contracted December 22, 1886, for money loaned to the company by plaintiff. The liability sought to be enforced is that specified in section 12 of the act (3 Edm. St. at Large, 735, superseded by Laws 1875, c. 510; Manufacturing Co. v. Beecher, 97 N. Y. 651), for failure to make and publish annual reports of the condition of the corporation for the years 1887, 1888, and 1889. The statute provides that, upon the failure to make the report mentioned, "all the trustees of the company shall be jointly and severally liable for all debts of the company then existing, and for all that shall be contracted before such report shall be made." The defense is the statute of limitations, which applies to and bars such claims in three years (Code, § 383, subd. 3) from the time of the accruing of the right to relief by action (Id. § 415).

Where a trustee of a manufacturing corporation has become liable for a debt of the corporation because of failure to make and file annual statements as required by the provision cited, the statute of limitations then begins to run as to that debt, and the right of action is barred in three years thereafter; and, although the default is continued during successive years, the continuance of the default does not revive the liability or create a new one. Losee v. Bullard,

79 N. Y. 404. The statute does not provide for cumulative penalties or recurring defaults, one being deemed sufficient for the protection of creditors. When the debt was contracted, December 22, 1886, the corporation gave its note, payable in six months thereafter; and, as it was given at the time the obligation was created, the remedies upon the debt were for all purposes suspended until June 25, 1887, when the note matured. As the first default occurred January 20, 1887, and the debt became enforceable on June 26, 1887, both events then concurring, the three-years limitation commenced at the latter date; and on June 27, 1890, the right of action against the defendant was by force of the statute forever barred. Losee v. Bullard, supra; Duckworth v. Roach, 81 N. Y. 49. In Losee v. Bullard, as in Knox v. Baldwin, 80 N. Y. 610, the plaintiff's claim was past due at the time of the trustees' default, and the statute commenced to run at that time. Here the company's liability, though existing at the time of the default, was not enforceable until about five months afterwards,—a circumstance which distinguishes those cases from this.

The present suit was not commenced until September 19, 1891; so that, unless the operation of the statute was suspended by the extensions of time, hereafter referred to, granted to the corporation, the plaintiff must fail in his action. The note which fell due June 25, 1887, was renewed by a second, payable October 28, 1887. An oral extension was then agreed upon until the spring of 1888, when a third note was given in renewal, which matured April 2, 1889; and this was renewed by a fourth note, which became due April 5, 1890. These renewals were all arranged between the plaintiff and the president of the corporation, without consulting the defendant. That they suspended the operation of the six-year statute of limitations, on the contract, as against the corporation, because founded on its own acts, is without doubt; but it does not by any means follow that the running of the three-year penal statute was thereby also suspended as against the trustee without his assent. The plaintiff claims that the one result accompanies the other, and that Jones v. Barlow, 62 N. Y. 202, sustains his contention. The facts of that case require careful consideration in order to intelligently' understand it.

That action was brought against the defendants as trustees of the American Steel Lock Company, organized under the manufacturing act, to enforce the liability imposed by reason of the failure to file an annual report in January, 1871. The plaintiff, during the year 1871, sold and delivered to the corporation goods, for which, on December 26, 1871, it was indebted to him in the sum of $6,292.78, and the company gave its notes, maturing June 6, 1872, for that amount. On that day 10 new notes were given, the first maturing one month from date, and the others at successive intervals of one month thereafter. The action was commenced February 7, 1873, and at that time three of the notes were not due. At the close of the case the defendant's counsel moved to dismiss the complaint. The defendant then requested the court to charge that, if the

amount of the three notes was not due at the commencement of the action, the plaintiff could not recover. The court refused so to charge, and directed a verdict for the full amount of the indebtedness. It was held that the plaintiff was only entitled to recover the amount actually due from the corporation at the time of suit brought, and that it was error to permit a recovery for the three notes which had at that time not matured. The original debt was contracted in December, 1871, and the action was commenced in February, 1873, 14 months afterwards; so that the statute of limitations was in no manner involved.

Applying the decision of the court to the facts involved, it is at once apparent that nothing pertinent to the question at issue here was there decided. The extensions given to the corporation, of course, suspended the right of action against the trustees until the creditor was in a position to prosecute the corporation. Upon a new default by it, the obligation against the trustees was revived, because the debt had not been paid by the broken promise. In this case, the creditor kept on extending time to the corporation until the statute had discharged all penal consequences of the default complained of; and he now claims that the legal effect of his voluntary acts suspended the running of the statute against the trustee, without any act whatever upon the part of the latter. Even in the case of joint debtors, or of principal and surety, the statute of limitations cannot be extended by the act of one so as to charge the other. Winchell v. Hicks, 18 N. Y. 558, 560; Harper v. Fairley, 53 N. Y., at page 445; Church v. Howard, 17 Hun, at page 10; McMullen v. Rafferty, 89 N. Y. 456; In re Petrie, 82 Hun, 62, 31 N. Y. Supp. 65. In other words, no one can revive or suspend the running of the statute but the person sought to be charged, or his agent authorized for that purpose. Smith v. Ryan, 66 N. Y., at page 356; Bender v. Blessing, 82 Hun, 320, 31 N. Y. Supp. 481; McMullen v. Rafferty, supra.

The statute of limitations is not dependent on the will of the creditor. The fact that he precluded himself from maintaining an action, either against the company or the defendant, as trustee, until the expiration of the several extended credits, furnishes no logical reason for extending a penal liability created by the state beyond the period prescribed by its law-making power. To hold otherwise would permit newly-elected trustees, by their act and that of creditors, to extend for any length of time liabilities against predecessors in office, without reference to safeguards enacted for their protection. True, an extension of time for the payment of a corporate debt will not discharge a trustee. Jones v. Barlow, supra. The mere extension will not in itself work a discharge, but the statute will effect that result if it becomes operative.

A somewhat similar question arose in an action against a stockholder (not a trustee), wherein it was held that:

"The year within which an action must be begun for the recovery of a debt owing by a manufacturing corporation, so as to lay a foundation for a recovery against the stockholders, begins to run on the day the debt first became due; and if the time of its payment is extended by a promissory note, which is sued

within a year from the date of its maturity, but more than a year after the date when the debt for which it was given first became due, and judgment is recovered, and an execution returned unsatisfied, it is not a compliance with the statute, and stockholders cannot be charged with the payment of the debt." Hardman v. Sage, 124 N. Y., at page 35, 26 N. E. 354.

There the court also held that:

"The object of the statute was for the protection of creditors for a definite term, and they cannot extend it beyond the statutory limit and retain their right to recover from the shareholders."

The statute limiting the remedy against trustees has the same object in view, and by analogy requires the same interpretation. As against the defendant, the statute began to run when the plaintiff had it in his power to make his cause of action complete. 13 Am. & Eng. Enc. Law, 726. Nothing but statutory exceptions can interrupt its running when once started (Id. 733; Rector, etc., v. Vanderbilt, 98 N. Y. 170); and one disability cannot be tacked to another to prolong the limitation. Otherwise, its purpose as a statute of repose might be subverted (13 Am. & Eng. Enc. Law, 733, 734).

For these reasons, and without considering the other questions presented by the record, there must be judgment for the defendant.