## PERRIS *v.* HEXAMER.

The right of an author or a publisher, under the copyright law, is infringed only when other persons produce a substantial copy of the whole or of a material part of the book or other thing for which he secured a copyright. Where, therefore, the owner of a copyright for maps of certain wards of "the city of New York, surveyed under the direction of insurance companies of said city, which exhibit each lot and building, and the classes as shown by the different coloring and characters set forth in the reference," brought his bill to restrain the publication of similar maps of the city of Philadelphia. *Held*, that the bill could not be sustained.

APPEAL from the Circuit Court of the United States for the Eastern District of Pennsylvania.

The facts are stated in the opinion of the court.

*Mr. J. Van Santvoord* and *Mr. J. J. Coombs*, for the appellants, cited *Jollie* v. *Jacques*, 1 Blatchf. 618 ; *Green* v. *Bishop*, 1 Cliff. 199 ; *Drury* v. *Ewing*, 1 Bond, 540 ; *Folsom* v. *Marsh*, 2 Story, 100 ; *Emerson* v. *Davies*, 3 id. 768 ; *Gray* v. *Russell*, 1 id. 11 ; *Story's Executors* v. *Holcombe*, 4 McLean, 309 ; *Daly* v. *Palmer*, 6 Blatchf. 256.

*Mr. Joshua Pusey* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The complainants are the owners of a copyright of a series of maps of the city of New York, prepared for the use of those engaged in the business of fire insurance, the title of which is as follows : " Maps of the city of New York, surveyed under the direction of insurance companies of said city, by William Perris, civil engineer and surveyor, 1852. Volume 1 comprising the 1st, 2d, 3d, and 4th wards. The maps exhibit each lot and building, and the classes as shown by the different coloring and characters set forth in the reference." The maps were made after a careful survey and examination of the lots and buildings in the enumerated wards of the city, and were so marked with arbitrary coloring and signs, explained by a reference or key, that an insurer could see at a glance what were the general characteristics of the different buildings within the territory delineated, and many other details of construction and occupancy necessary for his information when taking risks. They are useful contrivances for the despatch of business, but of no value whatever except in connection with the identical property they purport to describe.

The defendant made the necessary examination and survey, and published a similar series of maps of Philadelphia. At first he used substantially the same system of coloring and signs, and consequently substantially the same key that had been adopted by the complainants, but afterwards he changed his signs somewhat, and, of course, changed his key.

The question we are to consider is whether the publication of the defendant infringes the copyright of the complainants, and we think it does not. A copyright gives the author or the publisher the exclusive right of multiplying copies of what he

has written or printed. It follows that to infringe this right a substantial copy of the whole or of a material part must be produced. It needs no argument to show that the defendant's maps are not copies, either in whole or in part, of those of the complainants. They are arranged substantially on the same plan, but those of the defendant represent Philadelphia, while those of the complainants represent New York. They are not only not copies of each other, but they do not convey the same information.

The complainants have no more an exclusive right to use the form of the characters they employ to express their ideas upon the face of the map, than they have to use the form of type they select to print the key. Scarcely any map is published on which certain arbitrary signs, explained by a key printed at some convenient place for reference, are not used to designate objects of special interest, such as rivers, railroads, boundaries, cities, towns, &c.; and yet we think it has never been supposed that a simple copyright of the map gave the publisher an exclusive right to the use upon other maps of the particular signs and key which he saw fit to adopt for the purposes of his delineations. That, however, is what the complainants seek to accomplish in this case. The defendant has not copied their maps. All he has done at any time has been to use to some extent their system of arbitrary signs and their key.

*Decree affirmed.*