(33 Misc. Rep. 312.)

### OSBORN v. GILLIAMS.

(Supreme Court, Special Term, New York County. December, 1900.)

1. CORPORATIONS—TREASURER—FURNISHING REPORT TO STOCKHOLDER—DISSOLUTION OF CORPORATION.

Under Laws 1890, c. 564 (chapter 38, Gen. Laws), as amended by Laws 1892, c. 688, § 52 (chapter 36, Gen. Laws), providing that the treasurer of every corporation shall furnish, on request of one owning 5 per cent. of the stock, a statement of the corporation's affairs within 30 days, or forfeit a certain sum for each day's delay thereafter, a treasurer of a corporation which was dissolved during the time allowed him to furnish the statement was not liable for failure to do so.

2. SAME—RESIGNATION OF TREASURER.

The treasurer of a corporation cannot escape the liability imposed by the statute by resigning his office after a demand for a statement.

Action by Ellen C. Osborn against Richard S. Gilliams. Demurrer to first defense of answer sustained. Demurrer to second and third defenses overruled.

William P. Pickett, for plaintiff.
Edward A. Alexander, for defendant.

LEVENTRITT, J. Demurrer to three defenses in the answer. The complaint alleges that the plaintiff was a stockholder owning

more than 5 per centum of the capital stock of John Osborn's Sons & Co., a domestic corporation, at a time when the defendant was treasurer thereof; that on the 1st day of November, 1899, she made a written request of the defendant, as such treasurer, for a statement under oath of the affairs of the corporation, pursuant to the statute in such case made and provided, and which statute is set out in the pleading (Laws 1890, c. 564 [chapter 38, Gen. Laws], as amended by Laws 1892, c. 688, § 52 [chapter 36, Gen. Laws]); that 30 days have elapsed since the making of the request without a compliance on the defendant's part; and judgment is prayed in the sum of the statutory penalty of $50, and in ·the further sum of $10 for each day since the expiration of the 30 days. Three defenses are, interposed. The first is, in effect, that the defendant resigned his office as treasurer on the 15th day of November, 1899; that is, before the 30-day period in which to make and deliver the statement had elapsed. The second defense is, in effect, that John Osborn's Sons & Co. dissolved on the 15th day of November, 1899, and that a certificate of dissolution was issued by the secretary of state, similarly before the 30-day period had terminated. The third defense is, in effect, that on the 12th day of October, 1899, at a meeting of the stockholders, two-thirds in amount of the stock outstanding, including that of the plaintiff, was represented, and the holders of all thereof consented to the dissolution of the corporation, and to the adoption of appropriate steps to accomplish that end.

The first defense presents the only serious question. The second and third are sufficient in law. If the corporation was dissolved, either in law or in fact, no report or statement could have been required. A defunct corporation no longer has a treasurer, and cannot, through him or through any one, be called upon to render a statement. Inasmuch as the object of the provision is to enable the shareholder to determine, from the financial standing of the corporation, the value of his shares of stock (McCrea v. Bedell, 9 Misc. Rep. 372, 373, 29 N. Y. Supp. 705), the dissolution removed the necessity and frustrated the purpose of the statutory provision. On this branch the case is like those where directors have been held relieved from filing the. annual reports under similar circumstances. Tayl. Priv. Corp. § 770; Bonnell v. Griswold, 80 N. Y. 138; Bank v. Studwell, 74 N. Y. 621; Witherow v. Slayback, 11 Misc. Rep. 526, 32 N. Y. Supp. 746; Reduction Co. v. De Leon, 29 Misc. Rep. 130, 60 N. Y. Supp. 262. In view of the de facto dissolution set forth in the second defense, it is unnecessary to consider the sufficiency of the estoppel therein pleaded.

As to the first defense, I am of the opinion that the demurrer is good. The treasurer cannot, by resigning his office, escape the liability cast upon him by the statute. The duty to render the statement attached the moment the written request was made of him by the shareholder. The 30-day provision is solely for his benefit and convenience. Its obvious purpose is to afford the fiscal officer charged with the duty the opportunity of making the necessary examination and inquiry in order to enable him to comply with the request. But the obligation rests upon him the moment the de-

mand is made. He cannot avoid it by surrendering his office. The duty has attached. He may, at his option, discharge it at any time within the 30 days, but he cannot relieve himself of his responsibility. The effect of the time provision upon the shareholder is merely a suspension of the remedy. The right was complete with the filing of the request. I am aware that the statute is highly penal, and must accordingly be strictly construed. This does not mean, however, that a construction should be adopted which would defeat its beneficial purpose. Demurrer as to the first defense sustained. Demurrer as to the second and third defenses overruled.

Demurrer to first defense sustained. Demurrer to second and third defenses overruled.