## HORROCKS DESK CO. v. FANGEL et al.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

CORPORATIONS—ASSIGNMENT FOR CREDITOR — FINANCIAL REPORT — DUTY OF TRUSTEES.

>  The fact that a corporation has made an assignment for the benefit of creditors, and has ceased doing business, does not relieve its trustees from the duty of making an annual report of its financial condition, under Stock Corporation Law, § 30, requiring such report, and making the trustee personally liable on failure to make such report for corporate debts, as the corporation may resume its business.

Appeal from special term, New York county.

Action by the Horrocks Desk Company against John P. Fangel and another. From a judgment overruling a demurrer to the answer, the plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William P. Maloney, for appellant.
A. M. Wattenberg, for appellees.

PATTERSON, J. The defendants were trustees of the J. P. Fangel Manufacturing Company, and it is sought to hold them liable for neglect to file during the month of January, 1901, an annual report of that company, as required by section 30 of the stock corporation law. As an affirmative defense, they set up in their answer that on the 2d day of January, 1901, the directors of the company made a general assignment of all the goods, etc., of the corporation to an assignee for the benefit of creditors, which assignment was duly filed on the 3d day of January, 1901, in the office of the clerk of the city and county of New York, and that thereupon the corporation ceased to carry on any business whatever, and has since that time never in any way exercised any of its corporate franchises. The plaintiff demurred to this defense. The demurrer was overruled, and the question arising on this appeal is as to the sufficiency in law of the defense.

The provision of the statute upon which the action is brought is highly penal, and the courts have been astute to find reasons for exonerating trustees from the liability imposed by it or similar statutes preceding it. Thus, in Bank v. Studwell, 74 N. Y. 621, it was held that the appointment of a receiver of a manufacturing corporation so far dissolves the corporation that the duty to file an annual

report no longer rests upon the trustees. In Kelly v. West, 80 N. Y. 139, a corporation had been adjudged a bankrupt, its entire property was in the hands of an assignee, the company had ceased doing business, and the trustees were held not liable. In Losee v. Bullard, 79 N. Y. 404, it appeared that the company "was practically abandoned and broken up"; it had not only ceased business, but was incapable of doing business; it "had no officers or trustees who could manage its business or make the required statement"; all its powers were suspended, if not finally extinguished. The court held the statutory requirement had no application in such a case. In Gold v. Clyne, 134 N. Y. 262, 31 N. E. 980, 17 L. R. A. 767, it was held that, when the corporation ceased to exist, as by dissolution which operates its death, the liability does not attach notwithstanding the provision of the statute which declares that the dissolution of a corporation shall not take away or impair a remedy against stockholders or officers for any previously incurred liability. But in Bank v. Lamon, 130 N. Y. 371, 29 N. E. 321, upon a review of some of the cases before cited, their general result seems to have been regarded as authorizing the conclusion that, where there is no action by the corporation with a view to the discontinuance of its business or the abandonment of its franchises, the liability of the trustees is not extinguished; and that conclusion is said to be supported by Sanborn v. Lefferts, 58 N. Y. 179, where it was held that the cessation of corporate business and proceedings to close up its affairs, in the absence of a legal dissolution of the company, does not relieve the trustees from the duty of making and filing the annual statement or report.

From the decided cases it may be gathered that, to render inapplicable the provisions of section 30 of the corporation law, it must appear that the corporation is insolvent; that it has ceased to exist by dissolution, or, as matter of fact, from a total abandonment of its business, and its being put in such a position that it does not intend to and cannot continue or resume operations under its franchise. What, then, is the situation as disclosed by the defense demurred to? The corporation was indeed insolvent. Insolvency is the inability to pay and discharge obligations as they accrue in the ordinary course of business. Brouwer v. Harbeck, 9 N. Y. 594; Denike v. Cement Co., 80 N. Y. 608. This corporation made a general assignment for the benefit of its creditors, which fact indicates its insolvency, but it does not necessarily follow that it abandoned its franchise, and was put in such a position that it could never resume business. It might settle with its creditors. Merely ceasing to do business does not affect the question. Matty v. Sampson, 64 App. Div. 1, 71 N. Y. Supp. 731; Ginsburg v. Von Seggern, 59 App. Div. 595, 69 N. Y. Supp. 758. There was no dissolution of the company either in law or in fact. There is nothing in Osborne v. Gilliams, 33 Misc. Rep. 312, 68 N. Y. Supp. 470, affirmed 65 App. Div. 614, 74 N. Y. Supp. 623, conflicting with this view. There was in that case an actual dissolution of the corporation, and a certificate of such dissolution was issued by the secretary of state. The corporation was, as the court said, defunct.

I think the interlocutory judgment was wrong, and should be reversed, and the demurrer should be sustained, with costs, with leave to the defendant to answer over on payment of costs in this and the court below. All concur.