HENRY M. STEVENSON, Appellant, *v.* WILLIAM H. COWAN and Others, Respondents.

*Liability of directors of a corporation for a failure to file an annual report — what discontinuance of business by the corporation does not make it unnecessary to file a report.*

The mere fact that a stock corporation ceases doing business does not relieve its directors from the necessity of filing an annual report. In order to have that effect, the abandonment of the business must be certain and final and such as to place the corporation beyond the possibility of resuming business.

The Cattaraugus Water Company, organized in 1890, transacted business until 1894, when the village of Cattaraugus erected an opposition plant. From the latter part of 1894 the company had no receipts and did no business. It subsequently brought an action against the village of Cattaraugus relating to the water supply. The action was tried in July, 1895, and resulted favorably to the defendant.

In March, 1896, an action to foreclose a mortgage upon the company's property and franchises was commenced, which resulted in a sale thereof July 28, 1896. The corporation was insolvent during the years 1895 and 1896, but no action was ever brought by, or against, it for its dissolution or for the distribution of its assets among its creditors.

*Held,* that the abandonment of the company's business during the years 1895 and 1896 was merely temporary, and that the directors of the corporation were not relieved from the consequences of the failure of the corporation to file annual reports during those years.

APPEAL by the plaintiff, Henry M. Stevenson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Delaware on the 25th day of July, 1902, upon the decision of the court rendered after a trial at

the Delaware Trial Term, the jury having been discharged, dismissing the complaint.

The Cattaraugus Water Company was organized in 1890, pursuant to the provisions of chapter 737 of the Laws of 1873, as amended. On September 1, 1890, said company issued its bonds, aggregating $18,000, secured by a mortgage on all its property and franchises. Subsequently the plaintiff became the owner of $1,000 of said bonds. Said company paid the interest on said bonds each year thereafter to and including the interest falling due thereon September 1, 1894. On the 1st day of September, 1895, said company defaulted in the payment of interest, and nothing has since been paid on said bonds, or any of them. The directors of said company did not file a report as provided by section 30 of the Stock Corporation Law (Laws of 1892, chap. 688, as amd. by Laws of 1897, chap. 384), in either the years 1895 or 1896. This action was brought in September, 1897, and the plaintiff alleges that the defendants were directors of said company in 1895 and 1896, and he seeks to recover of them the amount of the bonds held by him, with interest thereon, by reason of the alleged failure of said defendants to file said annual reports. Judgment was entered dismissing the plaintiff's complaint, and from such judgment this appeal is taken. Further facts appear in the opinion.

*Henry M. Stevenson,* appellant, in person.

*Edwin D. Wagner,* for the respondents.

CHASE, J.:

The trial court found: " That in the year 1894, the Cattaraugus Water Company abandoned its organization and business, and went out of business," and upon such finding of fact dismissed the plaintiff's complaint.

From the meagre record it appears that the company continued in the business for which it was incorporated until 1894, when the village of Cattaraugus erected a plant in opposition to that of said company. From some time in the latter part of 1894, the company had no receipts, and it did no business thereafter. Subsequently an action was brought by the company against the village of Cattaraugus

relating to the supply of water, the complaint in which action was sworn to by the defendant Cowan, as president of said company. That action was tried in July, 1895, and Cowan was one of the witnesses, and testified that he was the president of said company. In March, 1896, proceedings to foreclose the mortgage upon the company's property and franchises were commenced and a sale of all said property and franchises occurred on the 28th day of July, 1896. The company was insolvent during the years 1895 and 1896, but no action was ever brought against it, nor proceedings instituted by it, for the dissolution of said company or for the distribution of its assets among its creditors. The most that can be said from the record before us is that the business for which the company was incorporated had become unprofitable by reason of opposition on the part of the village in which it was situated, and that it had temporarily ceased doing business and exercising its franchises, and had commenced an action to establish its claimed rights. Such action could only have been brought with the hope and intention of resuming business as soon as such rights were established, and the business had again become desirable. So far as appears, the company owned all the rights, property and franchises during the years 1895 and 1896 that it had ever owned. There was not a dissolution of the company either in law or in fact. The abandonment of its organization and business would seem to have been temporary, and had the litigation been successful, or for any other reason the resumption of business had been desirable, it could have proceeded with the business for which it was incorporated at any time prior to the sale on the 28th of July, 1896. Merely ceasing to do business does not relieve directors from filing an annual report. While a technical dissolution of the company is not necessary to relieve directors from the consequences of not filing an annual report, the abandonment of the business and its franchises must be certain and final, and such as to put the company beyond the possibility of resuming business. (*Horrocks Desk Company* v. *Fangel*, 71 App. Div. 313.) The defendants contend that there is not sufficient evidence that they were directors of the company in the years 1895 and 1896. The trial court has not passed upon that question. The evidence of the defendant Cowan, previously mentioned, and the admissions of the defendants McAlpine and Brock, made in 1897, are at least suf-

ficient to make the. question of their being directors in 1895 and 1896 a question of fact to be determined by the trial court.

The judgment should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed on law and facts and new trial granted, with costs to appellant to abide event.