ALEXIS F. BURK and J. H. TOWNSEND vs. RELIEF AND BURIAL ASSOCIATION, an Hawaiian Corporation, M. E. SILVA and AMOY SILVA.

July 19, 1909.

*Copyright:* The purpose of a copyright is different from that of letters patent. It gives the owner the exclusive right to multiply and dispose of copies of an intellectual or artistic production, but not the exclusive right to use the methods which may be set forth in a copyrighted publication.

*Same—Infringement:* A publication, to be an infringement of a copyrighted publication, must be a substantial copy of it or of a material part of it.

*In Equity:* Demurrer to complaint.

*Thompson & Clemons,* Attorneys for Complainants.
*E. C. Peters,* Attorney for Respondent.

Dole, J. The complaint alleges that Burk, one of the complainants, has prepared a book or pamphlet entitled "Articles of Association and By-Laws of the Harrison Mutual Burial Association, A. F. Burk," and, as proprietor thereof, he had deposited in the office of the librarian of Congress, prior to publication of such book or pamphlet, on the 18th day of De-

cember, A. D. 1889, a printed copy of the title thereof; and
that such official has recorded the name of such book or pam-
phlet according to law; that before the date of such publication,
on or about the 18th day of December, he caused to be delivered
to the librarian of Congress two printed copies of such book
or pamphlet in the best condition issued, and that he had caused
to be printed on the title page of all copies of the said book or
pamphlet published by him the words "Copyrighted, December
18th, 1889, by A. F. Burk." The complaint further alleges
that, under the laws of the United States relating to copyrights,
he was vested with a copyright on said book or pamphlet
"whereby there is secured to him and his assigns the exclusive
right and liberty of printing, reprinting, completing, copying,
executing, finishing and vending the same for the term of
twenty-eight years from and after the said 18th day of De-
cember, A. D. 1889"; and it is further alleged that the "said
title and all the contents of said book or pamphlet, and the
scheme and plan therein designed were all original with the
complainant Burk and were the design and of the authorship
of his own mind and hand, and there has never been any pre-
vious publication thereof that constituted any waiver of his
privilege of copyright under the laws of the United States."
It is further alleged that the said complainant Townsend "is
now and ever since on or about the first day of July, A. D. 1902,
has by license and assignment of said Burk been authorized to .
publish said articles of association and by-laws and to em-
ploy the scheme and plan set forth therein within the Territory
of Hawaii to the exclusion of all other persons or parties in
and within said Territory of Hawaii," with allegations as to
the trouble and expense involved in the preparation of the said
book or pamphlet and the development of the said scheme or
plan in said Territory and that "the said book or pamphlet has
been and is of great benefit and advantage to the complainants
and to the public    *    *    *    and that the complainants be-
lieve that they will realize large gains and profits therefrom if
piracy and infringement of said respondents and their confed-

erates shall be prevented." The complaint further alleges that the respondents, after such a grant of such copyright for the Territory of Hawaii, without the permission of the complainants and in violation of their rights and in infringement of said copyright, printed, published and circulated and used in the formation of a mutual burial association "books which are *fac-simile* copies of the complainant Burk's said copyrighted book, or substantial portions thereof," and, on information and belief, that the respondents, without complainants' consent, used and intend to continue to use, in conducting the undertaking business, a form of articles of association and by-laws in the formation and conduct of the said Mutual Burial Association, which articles of association and by-laws are *fac-similies* of, or substantial portions of the copyrighted articles of association and by-laws of the complainant Burk, and "are like the said book or pamphlet of said complainant Burk and contain all the essential features thereof"; which actions of the respondents "are in violation of the complainants' exclusive rights aforesaid and to their great and irreparable damage, loss and injury"; that the respondents have been notified of such infringement, but have disregarded such notice and have realized much profit from such infringement. The complainants pray that the respondents be perpetually enjoined from printing, reprinting, publishing, completing, copying, executing, finishing or so using and vending books like or substantially like or copied or printed from the book copyrighted by the complainant Burk aforesaid, and for costs and further relief.

To this complaint the respondents have demurred, the fourth ground of demurrer being, "That it does not appear from said bill of complaint that the complainant Burk in all things complied with the laws of the United States pertaining to copyrights to entitle him to the sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing and vending the certain book or pamphlet exhibited therein by copy marked Exhibit A."

This ground of demurrer is overruled as the bill of com-

plaint alleges the performance of all of the requirements of the statute in regard to conditions for obtaining a copyright, to-wit: a printed copy of the title of the book was delivered at the office of the librarian of Congress before publication; two printed copies of the said book, in the best condition issued, were delivered to the librarian of Congress, not within ten days after the publication, but as alleged, before the date of publication, which prior delivery, so far as the copies were printed copies of the books as published, brings the delivery sufficiently within the requirements of the statute. How a printed copy of the book could be furnished before publication, this court cannot tell, but deems that the requirement is sufficient if the delivery was of books as published. It further appears in the bill that the complainant Burk caused to be printed on the title page of all copies of the book as published by him the words "Copyrighted, December 18th, 1889, by A. F. Burk."

The fifth ground of demurrer is, from a want of clearness in its expression, not understood by the court.

The seventh ground of demurrer, that there is a misjoinder of parties, will not be considered in view of the finding of the court on other grounds.

The first, second, third and sixth grounds of the demurrer may be considered together and are as follows:

" 1st.   That said bill of complaint does not state facts sufficient to constitute a cause of action."

" 2nd.   That said bill of complaint does not state facts sufficient to entitle the complainants to the relief therein prayed or any relief."

" 3rd.   That said bill of complaint does not state facts sufficient to warrant the interposition of a court of equity."

" 6th.   That it does not appear by said bill of complaint that the by-laws of the respondent corporation the Relief and Burial Association is an infringement upon the alleged copyright, the Articles of Association and By-Laws of the Harrison Mutual Burial Association."

A copyright gives its owner the exclusive right to sell the

book or design copyrighted and to republish it as he may desire, but it does not give him the exclusive right to use the methods which may be set forth in such publication, even though they may be original with him and published by him for the first time.  A copyright is different from a patent.

" The novelty of the art or thing described or explained has nothing to do with the validity of the copyright," *Baker v. Selden,* 101 U. S. 99, 102.

" The use of the art is a totally different thing from a publication of a book explaining it." *Id.* 104.

" Copyright is the exclusive right of the owner to multiply and to dispose of copies of an intellectual production." *Drone, Copyright,* 100.

Under these authorities, the averment in the fourth article of the bill of complaint, to the effect that the complainant Townsend has by license and assignment by said Burk of said articles of association and by-laws to him, been authorized "to employ the scheme and plan set forth therein within the Territory of Hawaii to the exclusion of all other persons or parties in and within said Territory of Hawaii," falls to the ground, as not sustained by the law of copyrights.  The same ruling applies to the further allegation in the same article as to the trouble and preparation by complainants in the "development of said scheme or plan in said Territory."

The remaining question is whether the respondents have reprinted and circulated copies of the book referred to as copyrighted by the complainant Burk.

The case of *Drury v. Ewing et al.,* 7 Fed. Cases, (No. 4095), 1113, has been cited by the complainants on this point.  In that case the court found for the plaintiff.  The words of the syllabus are as follows:

" In deciding whether a publication is an infringement of one for which a previous copyright had been obtained, the true inquiry is, whether the work alleged to be a piracy is substantially the same as that copyrighted; and mere colorable varia-

tions intended to evade liability for an infringement, will not destroy the legal identity of the two."

The complainants also submitted copies of the papers in the case of *Burk v. Miller,* brought in the circuit court for the western division of the Southern District of Ohio, Sixth Judicial Circuit, which is a similar case to the one before this court. Judgment was for the plaintiff. In examining the copy of the copyrighted book in that case and comparing it with the copy which is claimed to be an infringement, I find that the latter is substantially a copy of the former. There are but few, slight changes; both are burial associations and the object and methods in both cases are substantially identical.

If we examine the copyrighted book in the case before the court and the copy of the work which is complained of as an infringement, we find that in the book of the complainants, the object of the association as set forth in article 2 of such book is to provide a plan for the payment, by assessment, of the funeral expenses of each member ten years old or over to the amount of one hundred dollars, and fifty dollars for each member under ten years of age. Article 17 in the alleged copy provides that upon the decease of any member, the undertaker shall be paid one hundred dollars, less fifteen per cent, if the member dies on the island of Oahu, less twenty-five per cent if the death takes place on any of the other islands or abroad; also a sum of money from the relief fund equal in amount to as many ten cents as there are members in the association at the date of the death of such member, to be paid to the heirs or parties entitled thereto, to relieve them of any immediate wants less any assessments and advertising due and owing by the member at the time of his death and the expenses of advertising assessments.

Article 3 of the copyrighted book provides that any person in good health between the ages of one and seventy years may become a member by paying an initiation fee of ten cents, if over ten years of age, and five cents if under. Article 10 of

the purported infringement provides that any person may become a member of the association between the ages of three and sixty years by paying a membership fee of three dollars and one assessment of fifty cents for the relief fund.

Article 6 of the copyrighted book provides that on the death of a member over ten years' of age, each member of the association shall be assessed eleven cents, ten cents to be used as funeral expenses and one cent for paying for collection and other expenses, and if deceased is under ten years of age the assessment shall be six cents, five cents to be used as funeral expenses and one cent for collection and other expenses. The corresponding article of the purported infringement is article 13, providing an assessment of ten cents on each member upon the death of a member for the benefit of the surviving relatives of the deceased member.

Article 7 of the copyrighted book provides that if the membership is not sufficient at any time to yield the benefits above provided, they shall be paid, or the services furnished, as the assessments above provided shall justify; and if the membership shall be such that such assessments shall exceed the benefits, the excess of such assessments shall be covered into the treasury and when such excess shall equal one or more benefits the next assessment shall be skipped and the excess applied to the payment of that benefit. The corresponding provision of the purported infringement is in article 12, which provides that if at any time there should not be sufficient money in the burial fund to pay for one benefit, there shall be drawn from the reserve fund sufficient money to make it up, and should the reserve fund be insufficient the board shall direct the secretary to levy an assessment of one dollar on each member.

Article 8 of the copyrighted book contains the provision for the case of the removal of a member to another country, providing for the funeral of such member through an undertaker of such place in case of his death. Articles 15 and 16 of the purported infringement make similar provisions and also a provision for members intending to travel outside of the Ter-

ritory of Hawaii, which are much more elaborate than the provision in the copyrighted book, but cover substantially the same ground.

Article 10 of the copyrighted book provides that the fund arising from initiation fees shall constitute an expense fund out of which all expenses of organizing the association and other expenses shall be paid. Article 11 of the purported infringement divides the membership fee of three dollars and a half into four funds, the reserve fund,—fifty cents, the burial fund,—one dollar, the general fund,—one dollar and a half, and the relief fund,—fifty cents; and article 12, already referred to, provides for the emergency of the insufficiency of the burial fund for funerals, in which case the reserve fund is to be drawn from, and if that is insufficient the members shall be assessed one dollar each.

Obviously the purported infringement is not a copy, nor is it a substantial copy of the copyrighted book, or of any material part thereof. The objects are different; being in the case of the copyrighted book simply to provide for the expenses of the funerals of the members, and in the other case to provide for the expenses of funerals and for the immediate wants of surviving relatives. The provisions in the two books for handling the funds of the association radically vary, as shown above. The provisions for funerals radically vary. In the copyrighted book a funeral is to be paid for if there is enough money from the assessments on hand. If the membership is not sufficient to furnish sufficient funds by the assessment provided for, namely, one hundred dollars for the funeral of a member over ten years old and fifty dollars for a member under ten years old, then a lesser amount according to the available funds is furnished. In the other case, if the money in the burial fund is insufficient, then there is another fund to be drawn upon and if that fails then an assessment of one dollar on each member is levied. The assessment of ten cents provided by the copyrighted book for funeral expenses is not followed in the other book, but there, on the occasion of a death, an assessment of ten

cents is made for the benefit of surviving relatives. Although there are some similarities and although the copyrighted book has perhaps suggested features which have been adopted in the other book, yet, one cannot be called a duplicate or a copy of the other in any sense. The objects vary and the methods by which the objects are reached vary.

"A copyright gives the author or the publisher the exclusive right of multiplying copies of what he has written or printed. It follows that to infringe this right, a substantial copy of the whole or a material part must be produced." *Perris v. Haxamer*, 99 U. S. 674, 675-676.

Upon these grounds the demurrer is sustained.