### CLAIR v. PHILADELPHIA STORAGE BATTERY CO.

No. 19928.

District Court, E. D. Pennsylvania.

Dec. 17, 1941.

Harold H. Bowman, of New York City, and Alfred T. Steinmetz, of Philadelphia, Pa., for plaintiff.

Wm. Barclay Lex, Charles J. Hepburn, Hepburn & Norris, Charles H. Howson, and Howson & Howson, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a civil action for damages for infringement of a common law copyright. Defendant has moved for summary judgment, and the Court has before it affidavits filed by both sides as well as depositions and exhibits. The plaintiff's brief made certain reservations in respect of the Court's power to enter summary judgment in the case as presented, but at the argument waived these, and it was conceded on both sides that there is no genuine issue as to any material fact. Even without such agreement, it is clear that, as to the point upon which I am deciding the case, there is no disputed fact.

The plaintiff sent the defendant a design and description of a combination table and radio cabinet. The defendant thereafter manufactured certain radio cabinets which the plaintiff contends infringe her common law rights. The defendant's alleged infringing articles are before the Court in the form of photographs. Exhibit B–7 may be taken as the one most favorable to the plaintiff's contention.

The plaintiff had an idea which may or may not have been original with her. She concedes that she can have no copyright on the idea, but claims a copyright upon the expression of it embodied in her description and design. Disclaiming the complete article shown in Figure 1 of her design, the plaintiff says that the basic idea is expressed in Figure 2, and describes it as follows in her brief: "Under these circumstances, it is clear that plaintiff has given expression to her idea for placing the dials or controls of a radio on a horizontal surface, in the form of a combination radio cabinet and table, with the dials or controls for the radio countersunk below the top surface of the radio cabinet, and covered by a movable panel which affords table space."

Copyright infringement, however, can only be based upon appropriation of copyrightable subject matter. It is conceded that the idea, as distinguished from the expression of it, has utility and that the arrangement has a functional value. These things are not copyrightable attributes of a design. The fact that the defendant's radio cabinets answer the foregoing description establishes nothing more than that it has made use of certain structural features there indicated having functional utility. A mere glance at the defendant's cabinet, even if one looks only at the top and ignores the article as a whole, shows that in matters of form, shape and appearance it has almost nothing in common with the plaintiff's design. It seems to me that the plaintiff's misconception of the extent of her rights clearly appears in the statement in her brief, in which she dismisses the question of infringement with the comment that "any points of dissimilarity in the essential

features of the defendant's cabinet result purely from changes in shape or form." But shape and form are the essential things in a common law copyright for a design, in fact, the only things, that can be copyrighted, and if the defendant has not adopted them and there is no similarity in appearance between its article and the design, it is not infringing anything to which the plaintiff has a right.

As to the description as a literary composition: It is quite true that there may be a three-dimensional infringement of a copyrighted picture or perhaps of a literary composition. King Features Syndicate v. Fleischer, 2 Cir., 299 F. 533. But the Supreme Court in Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841, long ago, made it perfectly clear that where the attempt is made to protect an idea of a purely utilitarian character by calling the written exposition of it a "literary composition" there can be no infringement by the use of the knowledge derived therefrom. The discussion of the whole matter and the line drawn between the province of patents and that of copyrights contained in the opinion in Baker v. Selden is ruling law so far as any infringement of this plaintiff's typewritten description in this case is concerned.

An order may be presented entering summary judgment in favor of the defendant.