**DUNHAM v. GENERAL MILLS, Inc.**
**Civ. A. No. 52–1159.**

United States District Court
D. Massachusetts.

Nov. 6, 1953.

John A. Sharkey, Lexington, Mass., for plaintiff.

John R. Kewer, John M. Hogan, Boston, Mass., for defendant.

FORD, District Judge.

This is a suit for infringement of plaintiff's copyrights. In the complaint it is alleged the defendant infringed by "causing cut-out masks to be produced on numerous cereal boxes". Defendant has moved for summary judgment for the reason that the allegations in the complaint together with the admissions and statements of the plaintiff set forth in the answers to defendant's interrogatories, Rule 56(c), 28 U.S.C.A., show none of the alleged wrongful acts of defendant constitutes infringement on its part. Hearing on the motion was held on November 3, 1953.

In answer to defendant's interrogatories the plaintiff disclaims any infringement upon the plaintiff's copyrights by copying any of the art work appearing on the copyrighted material, but in answer to an interrogatory asking that plaintiff state what features, details or parts of the cut-out mask imprinted on the "Wheaties" cereal package No. 0537 (alleged by plaintiff to be a typical infringement), he stated that the features, details, and parts infringed on were as follows:

a. Feature of a cut-out mask.

b. The printing of a face of an Indian and feather is an infringement on copyright No. 21220.[1]

c. The printing of the eyes with the technical words "cut-out" in the center of the eyes is an infringement on all of the alleged plaintiff's copyrights.

d. Mask features of "The Bad Man" as such is an infringement on copyright No. 21220.

Further in his answers plaintiff identifies these technical features copied as follows:

8a. Feather; eye location with words "cut-out"; nose and other facial marking.

8b. "Pocahontas, The Indian Princess"—box serial No. 0537.

■ With respect to the first claim of infringement, it is the plaintiff's claim that he has by his copyright protection to the "feature of a cut-out mask". It is fundamental in copyright law that to obtain protection an author's ideas must be reduced to concrete form in the copyrighted writing or article and they must be novel and original. There is no copyright protection for an idea. Dorsey v. Old Surety Life Ins. Co., 10 Cir., 98 F.2d 872, 119 A.L.R. 1250; Bowen v. Yankee Network, Inc., D.C.Mass., 46 F.Supp. 62.

■ What there is novel or original about a mark or a mask with eye cut-outs is difficult to see. It is common

---

1. Copyright No. 21220 shows title of drawing "Halloween Series Children Cut-Outs" and the drawings show six cut-outs for children.

knowledge. The use of masks of all kinds was old in 1938 and although the plaintiff does not claim cut-outs were designed for food containers the idea of printing the outlines of masks on containers of food products so they could be cut out and used for toys or play was not novel in 1938, the date of the plaintiff's copyright. See U. S. Patent No. 2,000,242 issued to R. W. Manning May 7, 1935 and see also U. S. Patent No. 434,435 granted to one Eaves August 19, 1890, for masks for use at masked balls. The plaintiff takes nothing in this claim.

The plaintiff specifies as an infringement, the second, "The printing of a face of an Indian and feather is an infringement on copyright No. 21220." There is nothing in the drawings submitted to the defendant in answer to interrogatories that displays the face of an Indian and no feather is shown. There was no copying here by the defendant.

■ Thirdly, plaintiff claims as infringement "The printing of the eyes with the technical words 'cut-out' in the center of the eyes." It is true the plaintiff has instructed the user to cut out the eyes by indicating the portion to be cut out and defendant in its "Pocahontas the Indian Princess" on its container has adopted the same method for the eyes and nose. But here the defendant has not copied the shape or form with which the plaintiff chose to express his ideas. Defendant has not reproduced plaintiff's drawing and at best has copied only the techniques and methods adopted by the plaintiff and the latter has no protection by its copyright with respect to these. The copyright gives no exclusive right to practice or use the arts and methods described in the copyrighted work. Baker v. Selden, 101 U.S. 99, 102, 104, 25 L.Ed. 841; Perris v. Hexamer, 99 U.S. 674, 676, 25 L.Ed. 308; Taylor In-

strument Companies v. Fawley-Brost Co., 7 Cir., 139 F.2d 98; Muller v. Triborough Bridge Authority, D.C., 43 F. Supp. 298; Clair v. Philadelphia Storage Battery Co., D.C., 43 F.Supp. 286.

■ The fourth claim of plaintiff is that the "Mask features of 'The Bad Man'" on defendant's containers infringed. In the plaintiff's "Halloween Series Children Cut-Outs" there is a drawing of a "Bad Man". The defendant's alleged infringement is entitled "Bristlechin, the Bad Man", which is as different from plaintiff's as night from day. The plaintiff again takes nothing by his claim that he has exclusive right to a cut-out mask displaying a "Bad Man" character. As was stated by Judge Woodbury in F. W. Woolworth Co. v. Contemporary Arts, Inc., 1 Cir., 193 F.2d 162, at page 164, "It is the well established rule that a copyright on a work of art does not protect a subject but only the treatment of a subject." Cf. Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, at pages 249–250, 23 S.Ct. 298, at page 299, 47 L.Ed. 460, where the court stated, "Others are free to copy the original. They are not free to copy the copy. * * * The copy is the personal reaction of an individual upon nature. Personality always contains something unique." And that expression of an idea cannot be invaded or copied. There was no copying of an expression here. The drawings were entirely dissimilar and from what has been said there was no infringement.

Since the motion for summary judgment must be allowed because of lack of infringement there is no necessity of probing the question of the validity of plaintiff's copyright.

The entry will be motion for summary judgment allowed; complaint dismissed.